IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00751-BNB

CHRIS TILLOTSON,

    Applicant,

v.

WILLIAM MAY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Chris Tillotson, is confined in the Colorado Mental Health Institute at Pueblo, Colorado.  Mr. Tillotson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) that was not signed. On March 21, 2014, Mr. Tillotson filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) that is signed.  He is challenging the validity of his custody pursuant to an order of the Arapahoe County District Court in case number 07CR2358 finding him not guilty by reason of insanity.  As relief he asks that the charges be dropped or reduced so he can be released from custody.

    On April 21, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  Mr. Tillotson has filed two documents (ECF Nos. 12 & 16) in response to

Magistrate Judge Boland's order directing Respondents to file a Pre-Answer Response. On May 30, 2014, Respondents filed their Pre-Answer Response (ECF No. 17) arguing that the application is untimely and that Mr. Tillotson's claims are not exhausted. Mr. Tillotson has not filed a reply to Respondents' Pre-Answer Response and he has not addressed Respondents' timeliness and exhaustion arguments despite being given an opportunity to do so.

The Court must construe the amended application and other papers filed by Mr. Tillotson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Tillotson was charged in case number 07CR2358 with second degree assault on a peace officer and four habitual criminal counts for an offense that occurred on August 9, 2007. (*See* ECF No. 17-1 at 2-3, 14.) At an appearance on September 11, 2007, the trial court raised the issue of competency, preliminarily determined Mr. Tillotson was incompetent to proceed, and ordered him to be evaluated. (*See id.* at 13.) Mr. Tillotson initially was found incompetent following an evaluation but, after a subsequent evaluation, he was found competent to proceed. (*See id.* at 11-13.)

On September 9, 2008, Mr. Tillotson entered a plea of not guilty by reason of insanity. (*See id.* at 10.) Following a bench trial on July 13, 2009, the trial court found that the prosecution failed to prove intent, found Mr. Tillotson not guilty by reason of insanity, and remanded him to the custody of the Department of Human Services until he is eligible for release. (*See id.* at 7.) Mr. Tillotson did not appeal.

On July 12, 2010, Mr. Tillotson filed in the trial court a motion seeking appointment of counsel, a release evaluation, and a release hearing. (*See id.*) The trial court appointed counsel. (*See id.* at 6.) On June 6, 2011, after reviewing a mental health report dated April 25, 2011, the trial court denied the motion for a hearing. (*See id.*) Mr. Tillotson did not appeal.

On October 4, 2011, Mr. Tillotson filed another motion seeking appointment of counsel, a release evaluation, and a conditional release hearing. (*See id.*) The trial court again appointed counsel to represent Mr. Tillotson and determine if a hearing was requested. (*See id.*) On January 9, 2013, the trial court entered an order denying the motion that indicates the following: Mr. Tillotson filed a *pro se* letter on September 11, 2012, informing the trial court of his progress; counsel was advised by the trial court of Mr. Tillotson's letter and asked to submit a status report; and counsel advised the trial court in a January 6, 2013 status report that no hearing would be requested at that time. (*See id.* at 5.) Applicant did not appeal.

Mr. Tillotson filed the instant action on March 13, 2014. He asserts two related claims for relief in the amended application contending that he was subjected to excessive force by a police officer and that he is imprisoned wrongfully because he is not guilty of second degree assault on the officer.

Respondents first argue that this habeas corpus action is untimely pursuant to the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which the judgment in Mr. Tillotson's criminal case became final. *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that the judgment became final, and the one-year limitation period began to run, when the time expired for Mr. Tillotson to file an appeal following his bench trial and commitment on July 13, 2009.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. Tillotson was found not guilty by reason of insanity on July 13, 2009, he

had forty-five days to file a notice of appeal.[1]  Because Mr. Tillotson did not appeal, the judgment became final on August 27, 2009, when the time to file a notice of appeal expired.  Mr. Tillotson does not argue that the judgment became final on some other date.

The Court also finds that the one-year limitation period began to run on August 27, 2009, because Mr. Tillotson does not contend he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before the judgment became final.  See 28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. Tillotson did not initiate this action within one year after August 27, 2009.  Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any amount of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions

---

[1]The current version of Colo. App. R. 4(b), amended effective July 1, 2012, allows forty-nine days to file a notice of appeal.

> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

As noted above, Mr. Tillotson filed a motion seeking appointment of counsel, a release evaluation, and a release hearing on July 12, 2010, that was denied on June 6, 2011. It is not clear whether this motion was a properly filed postconviction motion under § 2244(d)(2). Assuming the motion did toll the one-year limitation period under § 2244(d)(2), the one-year limitation period was tolled from July 12, 2010, through July 21, 2011, when the time to appeal from the trial court's June 6, 2011 order expired. However, the 318 days between August 27, 2009, and July 12, 2010, count against the one-year limitation period. Thus, when the one-year limitation period began to run again on July 22, 2011, only forty-seven days remained (365 - 318 = 47).

Beginning on July 22, 2011, the remaining forty-seven days ran unabated until

the one-year limitation period expired on September 6, 2011.[2]  Because the one-year limitation period expired before Mr. Tillotson filed his second motion seeking appointment of counsel, a release evaluation, and a release hearing on October 4, 2011, that motion did not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.  Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Tillotson contends that this action should not be dismissed as time-barred because he has "a mental illness and was unable to understand the rules of the court

---

[2] The forty-seventh day after July 21, 2011, was Sunday, September 4, 2011, and the next day was a legal holiday.  Therefore, the filing deadline extended until Tuesday, September 6, 2011.  *See* Fed. R. Civ. P. 6(a)(1) & (6).

and [is] now able to file on this case." (ECF No. 5 at 7.) The Court is not persuaded that this allegation of mental illness justifies equitable tolling of the one-year limitation period is appropriate.

The Tenth Circuit "has yet to apply equitable tolling on the basis of mental incapacity." *McCall v. Wyo. Attorney General*, 339 F. App'x 848, 850 (10th Cir. 2009). Assuming mental incapacity could justify equitable tolling, "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (quoting *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)).

Mr. Tillotson fails to demonstrate he was prevented from pursuing his federal claims in a timely manner due to mental incapacity or that he pursued his claims diligently. Although he remains in custody until eligible for release pursuant to a determination that he was not guilty by reason of insanity, Mr. Tillotson also was found competent to proceed in the state court proceedings. Furthermore, the fact that Mr. Tillotson was capable of initiating proceedings in his state court case undercuts any argument that his mental illness justifies equitable tolling in this action. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (noting the general rule is that "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."); *see also Smith v. Saffle*, 28 F. App'x 759 (10th Cir. 2001) (finding equitable tolling based on

mental incapacity is not available "where the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity"). Mr. Tillotson's argument that his mental illness justifies equitable tolling also is undermined by the fact that he has managed to file and litigate a number of *pro se* civil actions and appeals in federal court during the relevant time period. *See, e.g.*, *Tillotson v. McCoy*, No. 10-cv-00483-REB-BNB (D. Colo. Nov. 22, 2010); *Tillotson v. Hawkins*, No. 12-cv-02012-LTB (D. Colo. Aug. 10, 2012); *Tillotson v. Pueblo State Hospital*, No. 13-cv-00896-LTB (D. Colo. June 24), *appeal dismissed*, No. 13-1379 (10th Cir. Sept. 13, 2013); *Tillotson v. McCoy*, No. 13-cv-03421-LTB (D. Colo. Dec. 23, 2013), *aff'd*, No. 14-1003 (10th Cir. June 13, 2014).

For these reasons, the Court finds no basis for equitable tolling in this action. Therefore, the action will be dismissed as barred by the one-year limitation period. Because the Court finds that the action is untimely, the Court need not address Respondents' argument that Mr. Tillotson's claims also are not exhausted.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 5) are denied and the action is dismissed as

barred by the one-year limitation period.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   7th   day of        July         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court